Maximilian Moss, S.
The Empire Trust Company seeks a judicial settlement of its intermediate account as trustee, and of the final account filed on behalf of its cotrustee, Anne S. Eoeser, now deceased. As an incident thereto it requests a construction of paragraph “ Sixth ” of testator’s will so as to determine whether a trustee named in the place and stead of the said deceased trustee should be permitted to qualify.
By paragraph “Third” of the will testator creates trusts of his residuary estate for the benefit of his mother, his wife and his two children, Arline and Harry. By paragraph “ Sixth ” he nominates a corporate trustee and Anne S. Eoeser, executors and trustees and confers upon the latter ‘ ‘ power to nominate and appoint by will or other instrument in writing, a Trustee also without bond to succeed herself in the event of her death or incapacity prior to the time when either of my children attains the respective age when under the terms of this will they would be entitled to receive the principal of their share.” (Emphasis supplied.)
The trust provisions of paragraph “ Third ” also provide that upon certain specified conditions his daughter, on attaining her 30th birthday, and his son, upon attaining his 40th birthday, would be entitled to a distribution of all or part of the trust principal. It is conceded that at the time of the death of Anne S. Eoeser, testator’s daughter was over 30 years of age and his son within 15 days from attaining his 40th birthday, and that the conditions upon which the children would have been entitled to a distribution of the trust principal never came to pass.
The court finds from the pertinent provisions of the will that it was testator’s intention that the designation of a substitute trustee by Anne S. Eoeser could become effective only if she died prior to testator’s children attaining the respective ages stated and the fulfillment of the conditions upon which the distribution of the trust principal was directed. The designation by the deceased trustee of a substitute in her place and stead never became effective and for that reason the corporate trustee may continue alone in the discharge of its trust duties. Proceed accordingly on notice.